1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

11  JAMILA AHMED SENNAIN,                         Case No. 2:20-cv-01869-BNW

12                          Plaintiff,

13            v.                                              **ORDER**

14  ANDREW M. SAUL,

15                          Defendant.

16

17
18
19

       Presently before the Court is *pro se* plaintiff Jamila Ahmed Sennain's application to

proceed *in forma pauperis* (ECF No. 1), filed on October 7, 2020.

20

**I.      *In Forma Pauperis* Application**

21
22

       All parties instituting any civil action, suit, or proceeding in a district court of the United

States must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's

23

failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

24
25

       Ms. Sennain has submitted the declaration required by 28 U.S.C. § 1915(a) showing an

inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's

26
27

request to proceed *in forma pauperis* will be granted. The Court will next screen Plaintiff's

complaint. ECF No. 1-1.

28

1

**II.     Screening the Complaint**

2

    **A.  Standard of Review**

3

       Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

4

under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable

5

claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may

6

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

7

§ 1915(e)(2).

8

       Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

9

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

10

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

11

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

12

*v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a

13

claim, all allegations of material fact are taken as true and construed in the light most favorable to

14

the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998)

15

(citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual

16

allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v.*

17

*Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

18

insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through

19

amendment, a plaintiff should be given leave to amend the complaint with notice regarding the

20

complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

21

       Even following the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*, the Court has

22

an "obligation . . . where the petitioner is *pro se* . . . to construe the pleadings liberally and to

23

afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

24

2010) (internal quotations and citation omitted). But "the liberal pleading standard . . . applies

25

only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see*

26

27

       [1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

28

1    *also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v.*

2    *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not

3    be used to supply an essential element of the claim absent from the complaint).

4         In the context of social security appeals, if a plaintiff's complaint challenges a decision by

5    the Social Security Administration, the plaintiff must exhaust administrative remedies before

6    filing a lawsuit. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833

7    (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only

8    after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has

9    made a final decision on the claim"). Generally, if the SSA denies a claimant's application for

10   disability benefits, the claimant may request reconsideration of the decision. If the claim is denied

11   at the reconsideration level, a claimant may request a hearing before an administrative law judge

12   ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the

13   Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may

14   then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

15        Once a plaintiff has exhausted administrative remedies, she may obtain judicial review of

16   a SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.*

17   An action for judicial review of a determination by the SSA must be brought "in the district court

18   of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint

19   should state the nature of plaintiff's disability, when plaintiff claims she became disabled, and

20   when and how she exhausted her administrative remedies. The complaint should also contain a

21   plain, short, and concise statement identifying the nature of plaintiff's disagreement with the

22   determination made by the SSA and show that plaintiff is entitled to relief.

23        A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted

24   her administrative remedies and timely filed a civil action. However, judicial review of the

25   Commissioner's decision to deny benefits is limited to determining: (a) whether there is

26   substantial evidence in the record as a whole to support the findings of the Commissioner, and (b)

27   whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security*

28   *Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

1

**B.  Analysis**

2      Here, Ms. Sennain appears to allege that the Social Security Commissioner denied

3   Plaintiff's disability application under Title II of the Social Security Act. ECF Nos. 1-1, 1-2.

4      Although she indicated that she resides within the District of Nevada and provided a plain,

5   short, and concise statement identifying her disagreement with the SSA's determination,[2] her

6   complaint is still deficient. *Id*. This is because, even liberally construing Plaintiff's complaint, the

7   Court cannot determine whether she exhausted her administrative remedies and timely

8   commenced this action. Without this information, the Court is unable to determine whether it has

9   jurisdiction over the matter. *See Bass*, 872 F.2d at 833 (noting that judicial review of

10  administrative decisions by the SSA is limited to a final decision of the Commissioner of Social

11  Security); *see also* 20 C.F.R. §§ 416.1407, 416.1429, 416.1467, 416.1481 (An individual who is

12  dissatisfied with the SSA's initial determination must (1) first seek administrative

13  reconsideration, (2) then seek an administrative hearing before an ALJ, and (3) then file a request

14  for the Appeals Council review of the ALJ's decision. The administrative review process is

15  complete only when the Appeals Council either denies or grants review and issues a decision. It is

16  only at this point that a court may review the Commissioner's final decision.).

17     Accordingly, the Court will order that Plaintiff's complaint be dismissed, but with leave to

18  file an amended complaint.

19     The Court will also order the Clerk of Court to mail Plaintiff a blank template complaint

20  for review of a social security disability or supplemental security income decision (i.e., Form Pro

21  Se 13). The Court advises Plaintiff to complete the form fully and in its entirety, including

22  indicating the nature of Plaintiff's disability, when she claims she became disabled, and when and

23  how she exhausted her administrative remedies. The Court also advises Plaintiff to attach a

24  complete copy of the Appeals Council's letter. This is so the Court can determine if it has

25  jurisdiction over the matter. Further, the Court advises Plaintiff that the amended complaint must

26

27  [2] Liberally construing the complaint, Ms. Sennain appears to allege that the ALJ erred in finding two of Plaintiff's impairments (i.e., hypereosinophilic syndrome and eosinophilic colitis) not severe, and the ALJ failed to weigh all of the evidence, including contradictory evidence relating to Plaintiff's neurological findings. ECF No. 1-1 at 6–8.

28

also contain a short and plain statement identifying the nature of Plaintiff's disagreement with the SSA's determination. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff must still give the Commissioner of Social Security fair notice of the reason(s) Plaintiff is seeking review of the Commissioner's decision.

Additionally, the Court advises Plaintiff that if she files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. This is because the Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Put another way, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

Finally, if Plaintiff chooses to file an amended complaint, the Court will screen it in a separate Screening Order as required by 28 U.S.C. § 1915(e)(2).

1.     IT IS THEREFORE ORDERED that Plaintiff Jamila Ahmed Sennain's request to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee of $400.00.

2.     IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for them. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

3.     IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff's Complaint (ECF No. 1-1).

4.     IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice and with leave to amend.

5.     IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended complaint, she must do so by November 30, 2020. If she chooses to file an amended complaint, she must write the words "First Amended Complaint" in the caption. The amended complaint will

be screened in a separate Screening Order. Additionally, the amended complaint must be a complete document in and of itself and will supersede the original complaint (ECF No. 1-1) in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. If Plaintiff moves forward with her request to have the Court review the SSA's disability determination, the amended complaint must include a copy of the Appeals Council letter and specify when the Appeals Council denied review. The amended complaint should also specify when Plaintiff filed for disability benefits, when she had a hearing with the Administrative Law Judge, when the Administrative Law Judge denied her disability claim, and when Plaintiff appealed to the Appeals Council to review the Administrative Law Judge's decision. Additionally, the amended complaint should include the summons to serve the Commissioner of the Social Security Administration.

6.     IT IS FURTHER ORDERED that the Clerk of Court send Plaintiff one blank complaint form for review of a social security disability or supplemental security income decision (Form Pro Se 13), one copy of the original complaint (ECF No. 1-1), and one copy of this Screening Order.

DATED: October 27, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE