UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMILA AHMED SENNAIN, | Case No. 2:20-cv-01869-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW M. SAUL, | |
| Defendant. | |

*Pro se* plaintiff Jamila Ahmed Sennain seeks judicial review of an administrative decision denying her application for Social Security benefits. The Court previously granted Plaintiff's application to proceed *in forma pauperis* but dismissed the complaint with leave to amend. ECF No. 5. On November 20, 2020, Plaintiff timely filed a First Amended Complaint (ECF No. 7), which is now before the Court for screening. For the reasons discussed below, the Court will allow Ms. Sennain to proceed with this case but will require Plaintiff to refile a redacted copy of her First Amended Complaint. Plaintiff's First Amended Complaint violates Local Rule IC 6-1(a) because it contains her personal data-identifiers, including Plaintiff's full Social Security number and home address.

**I.   Screening the Complaint**

   **A.  Standard of Review**

Complaints filed by any plaintiff proceeding *in forma pauperis* are subject to a mandatory screening by the court. 28 U.S.C. § 1915(e)(2);[1] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Even following the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*, the court has an "obligation . . . where the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (internal quotations and citation omitted). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not be used to supply an essential element of the claim absent from the complaint).

In the context of Social Security appeals, if a plaintiff's complaint challenges a decision by the Social Security Administration, the plaintiff must exhaust administrative remedies before filing a lawsuit. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied

at the reconsideration level, a claimant may request a hearing before an administrative law judge. If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, she may obtain judicial review of a SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims she became disabled, and when and how she exhausted her administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the determination made by the SSA and show that plaintiff is entitled to relief.

A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

**B. Analysis**

Here, Ms. Sennain alleges in her amended complaint that Plaintiff's application for supplemental security income was denied initially, upon reconsideration, and by the Administrative Law Judge ("ALJ") following a hearing. ECF No. 7 at 1, 6. Plaintiff further alleges that on August 28, 2020, the Appeals Council denied the request for review, and, at that time, the ALJ's decision became the Commissioner's final decision. *Id*. at 1, 42. Plaintiff originally filed this action on October 7, 2020, which is within the allowable period. ECF No. 1-1. Thus, it appears that Ms. Sennain has exhausted the administrative remedies and timely commenced this action.

Additionally, the amended complaint indicates the nature of Ms. Sennain's disability and its alleged onset date. ECF No. 7 at 2, 6, 8. It also indicates that Plaintiff resides within the District of Nevada. *Id*. at 49.

Finally, liberally construing the amended complaint, it includes sufficient facts to state a claim for relief, alleging that the ALJ's decision relied on "incomplete information," including not finding Plaintiff's alleged diagnosis of hypereosinophilic syndrome to be severe at step two of the five-step sequential evaluation.[2] *Id*. at 1–2.

Accordingly, Plaintiff appears to state a cognizable claim upon which relief can be granted.

### C. Redactions

Federal Rule of Civil Procedure 5.2 and Local Rule IC 6-1(a)(1) provide that only the last four digits of a Social Security number may be visible in filings. Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number . . . the filing may include only: (1) the last four digits of the social-security number . . . ."); LR IC 6-1(a)(1) ("If an individual's Social Security number must be included, only the last four digits of that number should be used."). Plaintiff's full Social Security number is visible in her amended complaint. *See* ECF No. 7 at 1–2, 4–53. As such, the Court will order Plaintiff to refile the First Amended Complaint and omit the first six digits of her Social Security number in compliance with Rule 5.2(a) and LR IC 6-1(a)(1).

Local Rule IC 6-1(a)(5) also provides that "[i]f a home address must be included, only the city and state should be listed." Plaintiff's home address is visible in her amended complaint. *See* ECF No. 7 at 3, 42. As such, the Court will also order Plaintiff to refile the First Amended Complaint and omit her home street address in compliance with LR IC 6-1(a)(5).

**IT IS THEREFORE ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff a copy of this order and a copy of her First Amended Complaint at ECF No. 7.

---

[2] The Court recognizes that Social Security appeals can be emotionally taxing. That said, Plaintiff is advised that the inclusion of profanities (unless quoting language) is not appropriate in formal proceedings. *See* ECF No. 7 at 26.

2. Plaintiff Jamila Ahmed Sennain must send the Clerk of Court a version of her First Amended Complaint that contains the appropriate redactions (i.e., omitting the first six digits of her Social Security number; omitting her home street address beyond the city and state) **by February 16, 2021**. Plaintiff may do this in several ways, including using a black sharpy to black-out this information. However, Plaintiff must not make any other changes to her complaint. Once the redacted amended complaint is docketed, the Court will expeditiously screen the amended complaint pursuant to 28 U.S.C. § 1915.

3. Failure to comply with this order may result in a recommendation to the district judge that this case be dismissed.

DATED: January 20, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE