# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMILA AHMED SENNAIN, | Case No. 2:20-cv-01869-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW M. SAUL, | |
| Defendant. | |

Plaintiff Jamila Ahmed Sennain is proceeding *pro se* and *in forma pauperis* in this action seeking judicial review of an administrative decision denying her application for Social Security benefits. The Court previously granted Ms. Sennain's application to proceed *in forma pauperis* but dismissed the complaint with leave to amend. ECF No. 5. On November 20, 2020, Plaintiff timely filed a First Amended Complaint (ECF No. 7), which the Court screened on January 20, 2021. ECF No. 8. In its Screening Order, the Court ordered that Ms. Sennain refile the First Amended Complaint with the necessary redactions to comply with Local Rule IC 6-1(a). *Id*. at 4, 5. The Court also ordered Plaintiff to "not make any other changes to her complaint." *Id*. at 5.

On January 26, 2021, Plaintiff timely submitted a redacted version of the First Amended Complaint, which is now before the Court for screening under 28 U.S.C. § 1915(e)(2). ECF No. 9.

The redacted version includes only the first two pages of the original 53-page First Amended Complaint. *Id*. Because the Court ordered that Plaintiff redact only the personal data-identifiers (i.e., her full Social Security number and full home address) and not make any other changes to the First Amended Complaint, this redacted version does not comply with the Court's

order. Additionally, because Ms. Sennain did not submit the entire First Amended Complaint with redactions, the Court no longer knows whether she resides within the District of Nevada. The Court needs this information to determine whether it has jurisdiction over the case. *See generally* 20 C.F.R. §§ 404, 416 (An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides."). Although Ms. Sennain provided this information in the original, unredacted First Amended Complaint (EFC No. 7 at 49), the Court cannot refer to a prior pleading or other documents to make Plaintiff's redacted amended complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Put another way, the redacted amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

Accordingly, the Court will order Ms. Sennain to refile the First Amended Complaint (ECF No. 7) with the noted redactions and no other changes. This means that Ms. Sennain should refile the original 53-page First Amended Complaint with the proper redactions (i.e., omitting the first six digits of her Social Security number and omitting her home street address beyond the city and state) and make no other changes.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff a copy of this order and a copy of her First Amended Complaint at ECF No. 7.

2. Plaintiff Jamila Ahmed Sennain must send the Clerk of Court a version of her First Amended Complaint that contains the appropriate redactions (i.e., omitting the first six digits of her Social Security number and omitting her home street address beyond the city and state) **by March 10, 2021**. Plaintiff may do this in several ways, including using a black sharpie to black-out this information. However, Plaintiff must **not** make any other changes to her complaint. Once the redacted amended complaint is docketed, the Court will expeditiously screen the amended complaint pursuant to 28 U.S.C. § 1915.

3. Failure to comply with this order may result in a recommendation to the district judge that this case be dismissed.

DATED: February 16, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE