UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jamila Ahmed Sennain,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Kilolo Kijakazi,*<br><br>　　　　　Defendant. | Case No. 2:20-cv-01869-BNW<br><br>**ORDER re ECF No. 32** |

　　　　This case involves review of an administrative action by the Commissioner of Social Security denying *pro se* Plaintiff[1] Jamila Ahmed Sennain's application for Supplemental Security Income under Title XVI of the Social Security Act. The Court reviewed Plaintiff's motion for reversal or remand (ECF No. 32), filed April 1, 2022, the Commissioner's opposition (ECF No. 33), filed April 22, 2022, and Plaintiff's reply, filed April 29, 2022. ECF No. 34.

　　　　On October 14, 2020, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned magistrate judge for an order under 28 U.S.C. § 636(c). *See* ECF No. 3.

　　　　Because the Court finds that the Administrative Law Judge erred by formulating the Residual Functional Capacity with no reference to Plaintiff's non-severe hypereosinophilic syndrome impairment, the Court grants Plaintiff's motion.

//
//
//
//
//

---

\* Kilolo Kijakazi has been substituted for her predecessor in office, Andrew Saul, pursuant to Fed. R. Civ. P. 25(d).
[1] The Court will use claimant and plaintiff throughout this Order. The terms are interchangeable for purposes of this Order.

**I.  Background**

   **1.  Procedural History**

On June 6, 2017,[2] Plaintiff applied for Supplemental Security Income under Title XVI of the Act, alleging an onset date of May 16, 2015. ECF No. 22-1[3] at 275–76. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 200–03; 207–10.

A hearing was held before Administrative Law Judge ("ALJ") Norman L. Bennett on December 6, 2019. *Id*. at 152–67. On December 20, 2019, ALJ Bennett issued a decision finding that Plaintiff was not disabled. *Id*. at 17–29. On August 28, 2020, the Appeals Council denied review. *Id*. at 6–10. On October 7, 2020, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* IFP App. (ECF No. 1).

**II.  Discussion**

   **1.  Standard of Review**

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id*.; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*,

---

[2] The Administrative Law Judge's decision identifies June 5, 2017 as date that Plaintiff applied for SSI. ECF No. 22-1 at 20.

[3] ECF No. 22 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 22)). All citations to the Administrative Record will use the CM/ECF page numbers.

278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

2. **Disability Evaluation Process and the ALJ Decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. *Id.* § 416.920(c). If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. § 416.920(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then a finding of disabled is made. *Id.* § 416.920(d). Otherwise, the analysis proceeds to step four.

But before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 416.945(a)(1); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.945; *see also* SSRs 96-4p and 96-7p.[4] To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.913 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 416.920(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is

---

[4] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are "entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Bray*, 554 F.3d at 1224 (citations omitted) (finding that the ALJ erred in disregarding SSR 82-41).

responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. ECF No. 22-1 at 22–29.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 5, 2017, the current claim application date. *Id*. at 22.

At step two, the ALJ concluded that Plaintiff had two severe impairments: eosinophilic gastritis (medication controlled) and anxiety disorder. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, specifically noting Listings 5.06 and 12.06. *Id*. at 22–24.

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform "light work" with the following limitations: She can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, requires a sit/stand option at 30-minute intervals, and is capable of simple repetitive tasks with reasoning level of 2-3. *Id*. at 24–27.

At step four, the ALJ found that Plaintiff has no PRW. *Id*. at 28.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found there are jobs that exist in significant numbers in the national economy that she can perform. *Id*. at 28–29. Specifically, the ALJ found that Plaintiff can work as a document specialist, office helper, and routing clerk. *Id*. The ALJ then concluded that Plaintiff was not under a disability at any time since June 5, 2017. *Id*. at 29.

//
//
//
//
//
//

### 3. Analysis

**A. The ALJ erred by not considering Plaintiff's hypereosinophilic syndrome in determining her RFC.**

Liberally construing Plaintiff's motion, she argues that the ALJ erred by not finding her hypereosinophilic syndrome ("HES"), a form of chronic leukemia, severe.[5] ECF No. 32 at 2–5. She explains that this impairment is distinct from eosinophilic gastritis, which the ALJ did find to constitute a severe impairment. *Id*. at 2. Plaintiff points to evidence in the record to show where she was diagnosed with both HES and eosinophilic gastritis. *Id*. at 2–3. According to Plaintiff, the ALJ's failure to consider her HES impairment indicates that the ALJ misunderstood her impairment and the Commissioner-appointed doctors relied on incorrect diagnoses to opine on her (non)disability status. *Id*. at 2–3.

The Commissioner's opposition primarily focuses on arguing that substantial evidence supports the ALJ's RFC determination. ECF No. 33 at 4–7. With respect to Plaintiff's claim that the ALJ failed to identify her HES as severe, the Commissioner asserts that Plaintiff has failed to identify "any evidence in the record showing that she had any functional limitations attributable to Hypereosinophilic Syndrome, let alone functional limitations that were attributed exclusively to Hypereosinophilic Syndrome as opposed to her severe medically determinable impairments of eosinophilic gastritis (medication controlled) or anxiety disorder," and, in any event, any such error would be harmless. *Id*. at 6–7.

In her reply, Plaintiff repeats her prior points but also asserts that she identified HES in her initial disability application and that the ALJ also made errors in interpreting her medical records, including misrepresenting that she has not suffered weight loss. *Id*. at 1–4, 8. She also argues that gastritis and colitis are symptoms of HES and, as a result, cannot be considered alone. *Id*. at 5.

---

[5] Courts generally construe *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted).

At step two of the sequential process, the ALJ must determine whether the claimant suffers from a "severe" impairment (i.e., one that significantly limits her physical or mental ability to do basic work activities). 20 C.F.R. § 416.920(a)(4)(ii); § 416.920(c). To show a severe impairment, the claimant must first prove the existence of a physical or mental impairment by providing medically acceptable clinical and laboratory diagnostic techniques; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.921.

Step two is a "threshold determination" meant to weed out "weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citation omitted). Even if an ALJ does not identify an impairment as severe at step two, he must consider it in determining the RFC. *Id*. at 1048–49 (explaining that the RFC "*should* be exactly the same regardless of whether certain impairments are considered 'severe' or not) (emphasis in original).

Here, it is clear that the ALJ did not find Plaintiff's HES to be a severe impairment.[6] ECF No. 22-1 at 22. However, he did find that Plaintiff suffered from two severe impairments and, as a result, continued the sequential evaluation process. *Id*. Thus, the question the Court must answer is whether the ALJ considered Plaintiff's HES in assessing her RFC. *See Buck*, 869 F.3d at 1049; *see also Steven Elizaldi, Plaintiff, v. Comm'r of Soc. Sec. Admin., Defendant.*, No. CV-21-02204-PHX-DWL, 2023 WL 2624460, at *3 (D. Ariz. Mar. 24, 2023) (noting that "the dispositive issue here is whether Plaintiff has established the existence of harmful error with respect to the ALJ's RFC formulation during later steps").

In determining Plaintiff's RFC, the ALJ delved into Plaintiff's medical history, focusing on Plaintiff's eosinophilic gastritis and mental impairment. ECF No. 22-1 at 25–26. With respect to Plaintiff's eosinophilic gastritis, he focused on her arm and leg pain; abdominal pain;

---

[6] "Eosiniphilic gastroentritis" [sic] and "bipolar disorder type 1" were listed as the alleged disabling conditions in Plaintiff's application. ECF No. 22-1 at 294. However, in the same application, the following variations of Plaintiff's physical impairment were also listed: chronic inflammatory eosinophilic disorder; colitis; eosinophilic colitis disorder; and eosinophilic disorder. *Id*. at 296, 297, 300. There is non-binding authority that suggests that "[i]n most cases, the court would not assign to an ALJ the duty to investigate potential diagnoses that the claimant does not suggest herself." *Rask v. Astrue*, No. 3:10-CV-01082-SI, 2011 WL 5546935, at *15 (D. Or. Nov. 14, 2011). Here, however, the Court finds that the ALJ had a duty to develop the record in light of the medical records identifying eosinophilia, eosinophilic colitis, and HES as distinct impairments. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (explaining that even when a claimant is represent by an attorney, "the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

colonoscopy findings that included "active colitis;" unremarkable physical examinations where she was found to have normal motor, range of motion, and coordination and a steady gait; and normal EMG and EEG results. *Id*. at 25. But despite treatment records showing that Plaintiff was also diagnosed with hypereosinophilic syndrome ("HES"), the ALJ did not reference or discuss this impairment. *See, e.g.,* ECF No. 22-1 at 120–21 (October 17, 2018); 124, 126 (October 30, 2018); 128, 130 (December 26, 2018); 132 (February 21, 2019); 136 (July 30, 2019); 141, 144 (October 29, 2019); 146, 148 (November 21, 2019) (medical records from Plaintiff's treating physician diagnosing her with eosinophilia, eosinophilic colitis, *and* HES and noting a different onset date for HES).[7]

The ALJ's RFC assessment also included misrepresentations of the record. Although the ALJ concluded that Plaintiff did not suffer from any nausea, vomiting, diarrhea, or weight loss (*id*. at 25), there are multiple treatment notes showing that Plaintiff experienced these symptoms. *See, e.g., id.* at 96, 98, 102, 111, 500 (Plaintiff suffered weight loss[8]); 79–80, 98, 102, 106, 129 (Plaintiff suffered from bouts of diarrhea); 102, 106, 111, 129, 132, 142, 147 (Plaintiff experienced nausea); 102, 106, 111, 129, 147 (Plaintiff experienced vomiting).

Furthermore, the ALJ found that with respect to Plaintiff's "treatment for her gastritis, the claimant's intermittent abdominal pain is controlled by medication[,]" namely steroids. *Id*. at 25. The record has conflicting evidence with respect to this issue. For example, although some treatment notes indicate that Plaintiff is doing well on steroids, later records reveal that she is not responding (well) to this treatment. *Compare, e.g., id*. at 117 ("asymptomatic on low dose dexamethasone"), 146 ("Jamila's eosinophilic colitis is stable on anti-histamines, steroids and PPIs") *with id*. at 94 ("She failed on steroids . . . ."), 97 ("She is unable to tolerate steroids."), 112 ("steroid use exacerbates her bipolar disorder"[9]).

---

[7] These medical records show that the onset date for Plaintiff's eosinophilia and eosinophilic colitis was January 20, 2017 whereas the onset date for Plaintiff's HES was October 17, 2018. *See, e.g.,* ECF No. 22-1 at 120.
[8] Progress notes show that Plaintiff weighed 130 pounds on February 17, 2017; 118.6 pounds on May 5, 2017; and 107 pounds on September 18, 2017. *Id*. at 69, 93. Some treatment notes also show that Plaintiff experienced weight gain. *See, e.g., id.* at 137, 147.
[9] In discussing Plaintiff's mental impairment, the ALJ noted that Plaintiff "reported some hypomanic episodes possibly caused by her steroids." *Id*. at 26.

In short, the cited treatment records establish that Plaintiff had an additional diagnosis (i.e., HES) and symptoms (e.g., weight loss) that could reasonably affect her ability to perform basic work activities. Although the ALJ may not have been required to identify Plaintiff's HES as severe at step two, he was required to consider all severe and non-severe impairments in determining her RFC, including the HES impairment's impact. But because he did not do so, his failure constitutes harmful error. *See Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995) (internal quotations omitted) (The ALJ "may not reject significant probative evidence without explanation."); *see also IAN CLAIRE MACDOWELL, Plaintiff, v. KILOLO KIJAKAZI, Acting Comm'r of Soc. Sec., Defendant.*, No. 2:21-CV-00729 AC, 2023 WL 2602228, at *9 (E.D. Cal. Mar. 22, 2023) (holding that it was error for the ALJ not to address the impact of non-severe impairments in the RFC determination).

### B. Remand for further proceedings is appropriate.

The Court finds that the ALJ's error is harmful because he failed to consider all impairments in formulating the RFC. *See Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006) (explaining that an error is harmful when it has some consequence on the ultimate non-disability determination); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (citation omitted) (noting that an error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination"). Addressing Plaintiff's HES as well as various symptoms that the ALJ erroneously found to be non-existent may result in a more restrictive RFC, which may in turn alter the finding of non-disability. As a result, remand for further proceedings by the Commissioner is necessary. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful.").

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Jamila Sennain's Motion for Reversal (ECF No. 32) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment in favor of Plaintiff Jamila Sennain and against Defendant Commissioner of Social Security.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to close this case.

DATED: March 28, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE